ATTORNEY GENERAL--OFFICE COPY

RECEIVED

06 SEP 25 PM 2:46

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MELVIN EUGENE WATTERS,**<br><br>Plaintiff,<br><br>v.<br><br>**JESSE S. RINCON,**<br><br>Defendant. | C-02-2199 JSW (PR)<br><br>**CONDITIONAL ORDER OF DISMISSAL** |

The parties hereto, by their respective counsel, having advised the Court that they have agreed to a full and final settlement of all claims in this action and have memorialized the terms of the settlement in an executed settlement agreement. The settlement agreement is incorporated by reference and attached hereto.

IT IS HEREBY ORDERED that this case be dismissed with prejudice; provided, however, that if any party hereto shall certify to this court, with proof of service of a copy thereon on opposing counsel, within 120 days from the date hereof, that the agreed upon consideration for

/ / /

/ / /

Conditional Order Dismissal

*Melvin Eugene Watters v. J. Rincon*
C-02-2199 JSW (PR)

1  said settlement has not been delivered, the Court shall retain jurisdiction over this matter and the

2  settlement agreement and shall enforce the terms therein.

4  IT IS SO STIPULATED.

Date: 9/22/06                                    BINGHAM MCCUTCHEN LLP

By: _Sheila M. Pierce_
Kevin Fitzgerald
Sheila M. Pierce
Attorneys for Plaintiff Melvin Eugene Watters

12  Date: 9/25/06                                ATTORNEY GENERAL'S OFFICE

By: _Trace Maiorino_
Trace O. Maiorino
Deputy Attorney General
Attorneys for Defendant Jesse Rincon

19  IT IS SO ORDERED.

Date: September 26, 2006

THE HON. JEFFREY S. WHITE
UNITED STATES DISTRICT COURT

Conditional Order Dismissal

*Melvin Eugene Watters v. J. Rincon*
C-02-2199 JSW (PR)

# ATTACHMENT

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS (hereinafter, the "Settlement Agreement") is made and entered into by Plaintiff Melvin Eugene Watters (Plaintiff), represented by Kevin A. Fitzgerald and Sheila M. Pierce of Bingham McCutchen LLP, and Defendant Jesse S. Rincon, represented by Trace O. Maiorino, Deputy Attorney General of the State of California, and the California Department of Corrections and Rehabilitation (CDCR), as representative in the interests of Defendant Rincon, collectively referred to as "the Parties." The Settlement Agreement becomes effective when executed on behalf of Plaintiff and Defendant.

## RECITALS

A. Plaintiff filed a Complaint against Defendant, a CDCR employee, in the United States District Court for the Northern District of California, Case No. C-02-2199 JSW (PR) (Complaint) where he alleged that Defendant violated the Eighth Amendment prohibition of cruel and unusual punishment under 42 U.S.C. § 1983. Plaintiff's claims and allegations arise out of an incident that occurred on July 3, 2000 at Salinas Valley State Prison (SVSP). Defendant expressly denies any liability.

B. The Parties have reached a settlement whereby Plaintiff has agreed to dismiss with prejudice all claims against Defendant.

C. The Parties to this Settlement Agreement wish to fully resolve all matters which were or could have been asserted in the lawsuit. Therefore, they now enter into this Settlement Agreement in order to provide certain payment in full settlement and discharge of all claims which are, or might have been, the subject matter of the Complaint, upon the terms and conditions set forth below.

D. CDCR enters into this Settlement Agreement on behalf of the named Defendant, Jesse S. Rincon, for the purpose of this Settlement Agreement and no other purpose. The involvement of CDCR in this capacity in no way waives CDCR's immunity under the Eleventh Amendment as to any claims Plaintiff may assert in the event this settlement, or the claims in the underlying complaint, are the subject of any future litigation.

### AGREEMENT

In consideration of the mutual covenants and conditions, the Parties agree as follows:

**1.0  RELEASE AND DISCHARGE**

**1.1**  In consideration of the obligations set forth in Paragraph 2.1, Plaintiff completely releases and forever discharges Defendant, all served and unserved defendants, and any unnamed defendants, from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, fees, costs, losses of service, expenses and compensation of any nature whatsoever, whether based on a federal or state civil rights action, tort, contract, or other theory of recovery, which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Complaint (and all related pleadings) including without limitation, any and all known or unknown, suspected or unsuspected claims for injuries to Plaintiff, which may result from the alleged acts or omissions of Defendant.

**1.2**  This release and discharge shall also apply to CDCR's and the Defendant's past, present and future representatives, employees, employers, affiliates, attorneys, predecessors and successors in interest, and assigns and all other persons and agencies of the State of California, California Department of Corrections and Rehabilitation, Salinas Valley State Prison, or otherwise, with whom any of the former have been, are now, or may hereafter be affiliated. The Parties agree that this Settlement Agreement constitutes a bar to such claims that are the subject of the Complaint.

**1.3**  This Settlement Agreement shall be a fully binding and complete settlement among the Plaintiff, Defendant, CDCR, CDCR employees, and their heirs, assigns and successors.

**1.4**  Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release.  Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which Plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiff's decision to enter into this Settlement Agreement.  Plaintiff

2

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS       *Melvin Eugene Watters v. J. Rincon*
C-02-2199 JSW (PR)

PA/52188732.1

1  accordingly waives any and all rights based upon the provisions of California Civil Code § 1542

2  which reads as follows:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known to him or her must have materially affected his or
> her settlement with the debtor.

**1.5**    Plaintiff further agrees that Plaintiff has accepted payment of the sums and terms specified in Paragraph 2.1 as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes. It is understood and agreed to by the Parties that this settlement is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of CDCR or Defendant, by whom liability is expressly denied.

**1.6**    Plaintiff expressly assumes and represents that Plaintiff is responsible for payment of and will satisfy any and all liens and claim of liens against any claim or cause of action of Plaintiff.

**2.0    PAYMENTS**

**2.1**    In consideration of the release set forth above and execution of the Conditional Order of Dismissal of case number C-02-2199 JSW (PR) in the United States District Court for the Northern District of California, CDCR agrees to pay to or on behalf of Plaintiff Ten Thousand Dollars and no cents ($10,000.00).

**3.0    DISTRIBUTION OF SETTLEMENT PROCEEDS**

**3.1**    The Parties further agree that Plaintiff owes restitution in an amount no greater than $ 4,336.37 plus an administration fee of 5% of the final restitution amount. Pursuant to California Penal Code § 2085.5 all outstanding restitution orders and fines must first be paid directly from this settlement. The remaining balance shall be paid in the form of a settlement check, which shall be delivered to Plaintiff's attorneys after the terms in section 6.0 have been met.

3

### 4.0   DISCHARGE OF OBLIGATION

The obligation of CDCR to make the settlement payment shall be discharged upon written confirmation to Plaintiff that all restitution owed by Plaintiff has been paid and that the remaining balance in the form of a settlement check has been delivered to Plaintiff's attorneys and such funds deposited in Plaintiff's trust account.

### 5.0   ATTORNEY'S FEES

Plaintiff and Defendant shall each bear their own attorneys' fees and costs.

### 6.0   DELIVERY OF DISMISSAL WITH PREJUDICE

Concurrent with the execution of the Settlement Agreement, Plaintiff shall provide an executed Conditional Order Of Dismissal which will dismiss with prejudice this entire action. The Settlement Agreement shall be attached to and incorporated in the Conditional Order of Dismissal, and the parties expressly agree that the Court will retain jurisdiction in order to enforce the express terms of the Settlement Agreement. No later than 45 days after obtaining the executed Conditional Order Of Dismissal, Defendant will deliver to Plaintiff's counsel a check for the settlement amount of $10,000, less the amount of restitution owed at the time the check is issued, but in no case shall the amount of the check be less than $5,446.81. Defendant, Defendant's counsel, or the CDCR will not file or cause the dismissal to be filed or entered unless and until the check has been delivered to Plaintiff's counsel and the funds have been deposited in Plaintiff's trust account.

### 7.0   WARRANTY OF NO RELIANCE UPON REPRESENTATIONS BY OR ON BEHALF OF DEFENDANT

In entering into this Settlement Agreement, Plaintiff represents that Plaintiff has not relied upon any representation by the State of California, the California Department of Corrections and Rehabilitation, Defendant, his attorneys, their agents, or their representatives, regarding the terms and significance of this Settlement Agreement, the legal and income tax consequences of this Settlement Agreement, or for any advice whatsoever, after the terms in section 2.1 has been met.

### 8.0   WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

4

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS          *Melvin Eugene Watters v. J. Rincon*
C-02-2199 JSW (PR)

PA/52188732.1

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

**9.0     GOVERNING LAW**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of California. Should any provision of this settlement agreement be held invalid or illegal, such illegality shall not invalidate the whole of this agreement, but the agreement shall be construed as if it did not contain the illegal part and the rights and obligations of the parties shall be construed and enforced accordingly.

**10.0     ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST**

This Settlement Agreement contains the entire agreement between the Plaintiff and CDCR and Defendant with regard to the matters set forth in it and shall be binding upon and inure to the benefits of the executors, administrators, personal representatives, heirs, successors and assigns of each.

**11.0     EFFECTIVENESS**

This Settlement Agreement shall become effective immediately following execution by each of the Parties. The Parties agree that the Settlement Agreement may be executed in counter parts or duplicate originals.

**12.0     REPRESENTATION OF COMPREHENSION OF DOCUMENT**

In entering into this Settlement Agreement, Plaintiff represents the terms of this Settlement Agreement have been completely read by him and fully discussed with his attorneys or record and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by Plaintiff.

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS          *Melvin Eugene Watters v. J. Rincon*
                                                                                                        C-02-2199 JSW (PR)

PA/52188732.1

1    Dated: 9-22-06          *Melvin Eugene Watters*
                             Melvin Eugene Watters
2                            Plaintiff

3

4

5    Dated:_____
                             Jesse S. Rincon
6                            Defendant

7

8    Dated:_____
                             Michael Davis, Senior Counsel
9                            Office of Legal Affairs
                             California Department of Corrections and Rehabilitation
10

11

12   Approved as to form:

13   Dated: 9/22/06          *Sheila M. Pierce*
                             Bingham McCutchen LLP
14                           Kevin A. Fitzgerald
                             Sheila M. Pierce
15                           Attorneys for Plaintiff Melvin Eugene Watters

16

17

18   Dated: _____
                             TRACE O. MAIORINO
19                           Deputy Attorney General
                             Attorneys for Defendant Jesse S. Rincon
20

21

22

23

24

25

26

27

28

                                          6

1

Dated: _____

          _____
2
          Melvin Eugene Watters
          Plaintiff

3

4

5

Dated: _____

          _____
6
          Jesse S. Rincon
          Defendant

7

Dated: _9/11/06_

8
          _James Michael Davis_
          Michael Davis, Senior Counsel
9
          Office of Legal Affairs
          California Department of Corrections and Rehabilitation

10

11

12

Approved as to form:

13

Dated: _____

          _____
          Bingham McCutchen LLP
14
          Kevin A. Fitzgerald
          Sheila M. Pierce
15
          Attorneys for Plaintiff Melvin Eugene Watters

16

17

Dated: _9/20/06_

18
          _Trace O. Maiorino_
          TRACE O. MAIORINO
19
          Deputy Attorney General
          Attorneys for Defendant Jesse S. Rincon

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS        *Melvin Eugene Watters v. J. Rincon*
                                                C-02-2199 JSW (PR)

PA/52188732.1

Plaintiff

Dated: 9/14/06

Jesse S. Rincon
Defendant

Dated: _____

Michael Davis, Senior Counsel
Office of Legal Affairs
California Department of Corrections and Rehabilitation

Approved as to form:

Dated: _____

Bingham McCutchen LLP
Kevin A. Fitzgerald
Sheila M. Pierce
Attorneys for Plaintiff Melvin Eugene Watters

Dated: _____

TRACE O. MAIORINO
Deputy Attorney General
Attorneys for Defendant Jesse S. Rincon

6

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

*Melvin Eugene Watters v. J. Rincon*
C-02-2199 JSW (PR)

PA/52188732.1

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **Melvin Eugene Watters v. J. Rincon**

No.:               **C-02-2199 JSW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age and
older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On September 25, 2006, I served the attached

### CONDITIONAL ORDER OF DISMISSAL

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Kevin Fitzgerald, Esq.**
**Sheila M. Pierce, Esq.**
**Bingham McCutchen - Silicon Valley**
**1900 University Avenue**
**East Palo Alto, CA  94303-2223**

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on September 25, 2006, at San Francisco,
California.

|  A. Albano  |  _Albano_  |
| :---: | :---: |
|  Declarant  |  Signature  |

20059801.wpd